UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL STEWART,

    Plaintiff,

v.

HENRY RICHARDS, *et al.*,

    Defendants.

Case No. 08-5275 RJB/KLS

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

Before the Court is Defendants' motion to stay discovery pending resolution of Defendants' motion for summary judgment. (Dkt. # 17). For the reasons stated below, the Court finds that the motion should be granted.

## I. BACKGROUND

On April 30, 2008, Plaintiff filed his 42 U.S.C. § 1983 complaint asserting a right to possess certain books within the Special Commitment Center (SCC), a Washington Department of Social and Health Services (DSHS) facility for the care and treatment of sexually violent predators pursuant to Wash.Rev.Code ch. 71.09, Washington's sexually violent predator statute. (Dkt. # 1). Plaintiff alleges that SCC Superintendent Dr. Henry Richards and SCC Forensic Therapist Diana Crawford violated his First Amendment rights when they declined to permit him to possess books with juvenile themes based on his criminal record. *Id.*, pp. 2-3.

On July 24, 2008, Defendants filed their motion for summary judgment seeking dismissal of Plaintiff's claim on the grounds that no constitutional right exists within a total confinement

ORDER - 1

treatment facility for sexually violent predators to possess counter-therapeutic media. (Dkt. # 15).

Defendants move to stay discovery pending resolution of their summary judgment motion. (Dkt. # 17). Plaintiff objects to the stay, arguing that he requires proof of Ms. Crawford's professional educational expertise. (Dkt. # 18, pp. 6-7). Plaintiff also argues that Defendants have stated the wrong legal standard applicable to his claim. *Id.*, p. 7.

In response, Defendants provided the Declaration of John Rockwell, Ms. Crawford's supervisor, who attests that Defendant Crawford's training and education for the forensic therapist position include an Associates Degree in Arts and Science, a B.A. in Criminal Justice, and an M.A. in Psychology. (Dkt. # 22, p. 2). Mr. Rockwell states that Ms. Crawford has worked with the mental health population within a correctional setting for approximately six years and as a requirement for her Master's degree, Ms. Crawford completed a practicum of 160 hours working with veterans. *Id*. Mr. Rockwell states that this background is consistent with the education, training and skills expected of a forensic therapist who is tasked with exercising professional judgment within the SCC program. *Id.*, p. 2-3.

## II. DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

Summary judgment is generally disfavored where relevant evidence remains to be discovered. *Taylor v. Sentry Life Ins.*, 729 F.2d 652, 656 (9th Cir. 1984) (per curiam). The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment. *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). If further discovery could not elicit evidence that would raise genuine issues of material fact, summary

ORDER - 2

judgment would be appropriate. *Taylor*, 729 F.2d at 656. "To determine whether discovery would be fruitless, we look to the legal theories that might sustain the [non-movant's] claims." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).

In a civil commitment setting, a patient's liberty interests are balanced against the relevant state interests to determine whether the state has violated the patient's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 318 (1982). Courts must show deference to the judgment exercised by qualified professionals. *Id*. at 323. The Constitutional requires only that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Id*. at 321.

Plaintiff's primary objection to the motion to stay was based on the absence of evidence of Defendant Crawford's qualifications. Defendants have now produced evidence of those qualifications. (Dkt. # 22). Plaintiff's concern that Defendants are stating the wrong legal standard is a question of law for the Court to resolve.

As Plaintiff has not identified what relevant, material facts would be discovered that would preclude summary judgment, Defendants' motion to stay (Dkt. # 17) is **GRANTED** and discovery in this matter shall be **STAYED** pending further order of this Court.

DATED this 25th day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3