UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL STEWART,

    Plaintiff,

  v.

HENRY RICHARDS, *et al.*,

    Defendants.

Case No. C08-5275 RJB/KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Karen L. Strombom. Dkt. 24. The Court has reviewed the Report and Recommendation, Objections to the Report and Recommendation, and the remaining record.

Plaintiff alleges in this 42 U.S.C. § 1983 case that the Special Commitment Center for Sexual Violent Predators' (SCC) Policy 208 violates his First Amendment rights. Dkt. 1. Policy 208 describes sexually explicit and related material, and restricts residents of the SCC from having access to such materials. Dkt. 16-5, at 1. The specific materials at issue and other pertinent facts appear in the Report and Recommendation and shall not be repeated here. This order will address Plaintiff's objections to the Report and Recommendation.

Plaintiff first argues in his objections that Defendants made no showing that he would "be effected by reading any book that the Defendants claim is barred because it contains "'youthful

ORDER - 1

characters and/juvenile themes.'" Dkt. 25, at 1-2. Plaintiff does not deny that he has been convicted of crimes involving children. "As is the case with prisoners, civilly committed persons retain those First Amendment rights not inherently inconsistent with the circumstances of their detention." *Hydrick v. Hunter,* 500 F.3d 978, 992 (9th Cir. 2007)(considering whether sexually violent predators had a First Amendment right to not participate in treatment). Defendants have adequately shown that as his prior convictions relate to violent crimes with children, and it would be "inconsistent with the circumstances of [his] detention" to allow Plaintiff to possess the materials relating to children. *Hydrick,* at 992. Moreover, Defendants have adequately shown that the contents of the third book, which was not a children's book, would be "inconsistent with the circumstances of [his] detention." *Hydrick,* at 992. Defendants pointed out that the book was inappropriate as it focused on the tools and psychology of law enforcement "police procedurals" which can be used by residents to avoid consequences for antisocial behavior. Dkt. 16, at 4.

Plaintiff argues that the Report and Recommendation uses an inappropriate standard in reviewing his claim as he is not a prisoner, but an involuntarily committed individual. Dkt. 25, at 2. Specifically, Plaintiff argues that the standard announced in *Pell v. Procunier*, 417 U.S. 817 (1974) is inappropriate. The Report and Recommendation cites *Pell* for the proposition that "[c]hallenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system." Dkt. 24, at 6. The Report and Recommendation clearly states that Plaintiff is not a prisoner. *Id*. It is undisputed that the SCC is not a prison, but an institution that confines those who have been found to be sexually violent predators pursuant to the state statute. *Id.* "The law generally requires a careful balancing of the rights of individuals who are detained for treatment, not punishment, against the state's interests in institutional security and the safety of those housed at the facility." *Hydrick,* at 990. In weighing those interests, it cannot be ignored that, unlike those who are civilly committed because of mental infirmities, sexually violent predators have been civilly committed subsequent to criminal convictions

ORDER - 2

and have been adjudged to pose a danger to the health and safety of others. *Id*. "As a result, the rights of [sexually violent predators] may not necessarily be coexistensive with those of all other civilly detained persons." *Id.* In light of the unique nature of the SCC, the Report and Recommendation examines Plaintiff's claims that his First Amendment right to these reading materials was violated using both the standard for a prisoners and those committed in a state mental hospital. Dkt. 24, at 6-9. The Report and Recommendation notes that in cases of involuntarily committed individuals at state mental hospitals, treatment decisions made by professionals are presumed valid. *Id.* (*citing Youngberg v. Romeo,* 457 U.S. 307 (1982)). Plaintiff fails to acknowledge that the decisions he challenges were made by professionals in the context of his treatment as a sexually violent predator. In *Youngberg*, the mother of an involuntarily committed person with mental retardation challenged his conditions of confinement as being unconstitutional. *Id.* Recognizing the need to show deference to the judgment exercised by a qualified professional regarding mental health treatment, the *Youngberg* Court held that a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id*., at 323. The Report and Recommendation points out that Defendants have provided evidence that in their professional opinion, these reading materials are counter to Plaintiff's treatment and to the overall treatment environment at the SCC. Plaintiff offers no evidence, other than his own assertions to counter this evidence. This objection is without merit.

Plaintiff argues that the Defendants' judgment was not sound and that the judgment might vary based upon the treatment professional. Dkt. 25. Plaintiff provides no evidence to support his argument. *Id.* Plaintiff's attacks on the qualifications of the professionals here are also without merit. The *Youngberg* Court defined "professional" as a "person competent, whether by education, training or experience, to make the particular decision at issue." *Id*. at 323, n 30. For example, the

ORDER - 3

Court stated for a person with mental retardation who is involuntarily confined, "[l]ong-term treatment decisions normally should be made by persons with degrees in medicine or nursing, or with appropriate training in areas such as psychology, physical therapy, or the care and training of the retarded." *Id.* Plaintiff fails to show the treatment professionals here were not "competent, whether by education, training or experience," to make the decisions at issue here.

Accordingly, the Court does hereby find and **ORDER**:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 24);

(2) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**; and

(3) The Clerk is directed to send copies of this Order to plaintiff, and to the Hon. Karen L. Strombom.

DATED this 20th day of October, 2008.

_____
ROBERT J. BRYAN
United States District Judge

ORDER - 4